ANNETTA GARMENT COMPANY, Respondent, *v.* KURLAN-
DER BROS. & HARFIELD CLOAK AND SUIT COMPANY,
Appellant.

*Contract — sale — action to recover loss sustained through return by
purchaser of merchandise sold and delivered — defense that goods were
not in accordance with specifications and that plaintiff had consented
to their return.*

*Annetta Garment Co.* v. *Kurlander Bros.,* 202 App. Div. 804, affirmed.
(Submitted May 2, 1923; decided May 29, 1923.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered June 30, 1922, which affirmed a
determination of the Appellate Term affirming a judgment
of the Municipal Court of the city of New York in favor
of plaintiff. The amended complaint alleged that the
plaintiff sold and delivered to the defendant certain
goods, wares and merchandise at the agreed price of
$1,487.50; that about August 1, 1918, without consent
of the plaintiff the defendant returned said merchandise,
and that thereafter the plaintiff sold said merchandise
for $1,000, sustaining a loss in the sum of $487.50. The
answer of the defendant alleged that on or about May
8, 1918, an agreement was entered into, wherein the
plaintiff was to manufacture and deliver certain ladies'
garments, pursuant to certain fixed specifications and
at a price certain. The plaintiff made up some garments
which upon their receipt and examination by the defendant
were found not to be according to the specifications laid
down, and when this fact was called to the attention
of the plaintiff a subsequent agreement was entered
into between the parties to return said merchandise to
the plaintiff and this the defendant did. As a second
defense, defendant alleged that the goods attempted to
be delivered were not according to the specifications as
set down, and that upon their examination they were
found to be different from the agreement and specifica-
tions, and that the defendant immediately returned the
same to the plaintiff.

*Louis Sachs* for appellant.

*James S. Friedman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

HARWAY IMPROVEMENT COMPANY, Appellant and Respondent, *v.* HUGH R. PARTRIDGE, Defendant, and THE CITY OF NEW YORK, Respondent and Appellant.

*Real property — title — partition — title to uplands and lands under water bordering Gravesend bay — effect of filling in land under water.*

*Harway Improvement Co.* v. *Partridge*, 203 App. Div. 174, affirmed. (Argued May 3, 1923; decided May 29, 1923.)

CROSS-APPEALS, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 4, 1923, modifying and affirming as modified an interlocutory judgment entered upon a decision of the court on trial at Special Term. The action was brought to partition certain lands bordering Gravesend bay in the city of Brooklyn. The Appellate Division held that the plaintiff and defendant Partridge owned the upland; that the land under water was owned by the city of New York, and that the act of the plaintiff in filling in the land under water did not affect its riparian rights.

The following questions were certified: " 1. Is the title to the land formerly under water, which was filled in by the plaintiff, vested in the city of New York? 2. Is the title to the upland described in the complaint vested in the plaintiff and in defendant Partridge? 3. Did the plaintiff by filling in the land under water in front of the upland described in the complaint lose its riparian rights? "

*William N. Dykman, James R. Deering* and *James J. Dunn* for plaintiff, appellant and respondent.

*George P. Nicholson,* Corporation Counsel (*Charles J. Nehrbas* and *John J. Mead* of counsel), for defendant, respondent and appellant.